[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in North Pomfret, Vermont on October 25, 1986. The plaintiff has resided continuously in this State since 1987. There are no children issue of this marriage. The evidence indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
This was a second marriage for each party. The plaintiff, age 47, is a bright, articulate woman. She has impressive education credentials and has a Ph.D. degree in philosophy. She has held many teaching assignments through the years. CT Page 5321
The defendant, age 58, was employed at IBM for approximately thirty five years before his retirement in 1992. Since that time he has operated as an independent contractor doing similar work to what he was performing for IBM, setting up trade shows.
From the evidence presented, the court has not been convinced that the cause of the breakdown of this marriage was due to the behavior of the defendant towards the plaintiff. The court finds that each party must bear some responsibility for the failure of this relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-62, 46b-81 and 46b-82
in reaching the decision reflected in the orders that follow.
The following orders may enter.
(1) Each party has requested the opportunity to purchase the other party's interest in the condominium they jointly own and occupy at 3 Valleyview Road, Unit 2, Norwalk, Connecticut. Each has presented compelling arguments.
The court has decided to give the option to the defendant. The defendant provided the lion's share of the purchase price and has made major contributions to the reduction of the mortgage. Also, the value of the condominium has been reduced by approximately twenty five percent since it was purchased, and the defendant should be given the opportunity to recoup his loss in the event the real estate market improves in the future. The plaintiff will not suffer any monetary loss and under the following order will receive from the defendant for her interest a sum greater than her investment.
The plaintiff shall vacate the condominium by August 1, 1995. Upon her vacating, the defendant shall pay to the plaintiff the sum of seventy-seven thousand, five hundred ($77,500) dollars in exchange for a quitclaim deed of the plaintiff's right, title and interest in and to the condominium. The defendant shall indemnify and hold harmless the plaintiff from any liability on the note and mortgage on the residence and shall take the necessary steps to have the plaintiff removed as an obligor on said mortgage note and deed.
Until the plaintiff vacates the premises, all pendente lite CT Page 5322 orders entered on February 14, 1994 shall continue.
(2) the issue of whether periodic alimony should be awarded to the plaintiff was also contested. The court is satisfied that the plaintiff will be able to care for herself financially in the future. She has glowing academic qualifications and has an earning capacity that was demonstrated by her earnings in prior years. Also, the plaintiff has shown her ingenuity by describing an ambitious project she is planning which she calls a "learning journey".
However, the plaintiff requires a period of time to either develop her business projects and/or find full time employment. In addition, she needs some time to deal with her anxieties and get her life under control.
Therefore, the defendant shall pay to the plaintiff as periodic alimony the sum of $1,000 per month. The payments shall commence on August 1, 1995, or on the first day of the month after the plaintiff vacates the condominium if earlier than August 1, payable in advance and continue until the death of either party, the plaintiff's remarriage or after twenty four monthly payments, whichever event first occurs. The term of periodic alimony payments shall be non-modifiable.
This order is based on the defendant's income consisting of $36,000 per year pension income and $12,000 per year other earned income for a total gross income of $48,000. Also, the plaintiff's income is found to be $9,000 from employment and $5,000 from dividends and interest for a total annual gross income of $14,000.
A contingent wage withholding order may enter.
(3) The defendant is awarded the following personalty:
a. The stereo system and CD's, including stereo cabinet;
b. All tools and workshop items, except the plaintiff's father's garden tools;
c. The television in his bedroom;
d. Two oriental side chairs; CT Page 5323
e. The gold etagere (living room);
f. His clothing and personal effects;
g. Oil painting by Homer and lithographs and prints previously owned by defendant;
h. The Krupps expresso machine;
i. Exercise equipment;
j. Kitchen table and chairs defendant brought to marriage.
(4) The plaintiff is awarded the Erte print and the remaining contents of the condominium.
The transfer of personal property shall take place when the plaintiff vacates the premises.
(5) Each party is awarded the assets listed on her/his financial affidavit which have not been distributed by other orders in this memorandum.
(6) The plaintiff shall be solely responsible for the payment of the liabilities listed on her financial affidavit dated May 15, 1995. She shall indemnify and hold harmless the defendant from any liability thereon.
(7) Each party shall pay his or her attorney's fees.
Judgment may enter accordingly.
NOVACK, J.